BANKERS DISCOUNT CORP. *v.* GILLETTE.

Fraudulent Conveyances—Burden of Proof.
  Judgment debtor and her grantee sustained burden of proof under 3 Comp. Laws 1929, § 14617, by showing conveyance of fee simple for good and sufficient consideration prior to recovery of judgment.

Appeal from Berrien; White (Charles E.), J. Submitted October 17, 1933. (Docket No. 139, Calendar No. 37,461.) Decided December 5, 1933.

Bill in aid of execution by Bankers Discount Corporation, an Indiana corporation, against Carrie Gillette and Verna Clemo. Bill dismissed. Plaintiff appeals. Affirmed.

*Stuart B. White,* for plaintiff.

*Burns & Hadsell,* for defendants.

Weadock, J. This is an appeal by Bankers Discount Corporation of Indiana from a decree dis-

missing its bill in aid of execution issued on its judgment against the defendant Carrie Gillette's interest in the south one-half of lots 17 and 18, plat of Niles, Michigan, the levy being made August 27, 1932, the amount being $8,682.51. The judgment against Mrs. Gillette was based on her guaranty of a debt of her nephew-in-law, Edward Forbes, who plaintiff's attorney calls "the ne'er-do-well son-in-law of Verna" Clemo. The supervisor in Niles testified that the fair value of the property, in his opinion, was $5,000. It was Mrs. Gillette's homestead. Under the statute (3 Comp. Laws 1929, § 14617), the plaintiff had a *prima facie* case, and the burden was on defendants.

A mortgage had been given by Carrie Reum (Gillette) on May 23, 1925, on the property in question to a building and loan association which was discharged and paid on January 12, 1931, and on the same day she gave a mortgage on the same property to the bank of Niles for $1,200, due in five years with 7 per cent. interest, payable semi-annually.

The property in question was conveyed by warranty deed from Carrie Reum, a widow (later Gillette) to Verna Clemo on January 12, 1931, consideration named being $1, and which deed was duly recorded January 14, 1931, more than a year before plaintiff's judgment was rendered. After this Verna Clemo made a mortgage to the bank of Niles for $500 due in two years with interest at 7 per cent., semi-annually, and both mortgages were assigned by the bank to Charles E. and Lenore Silsbee, husband and wife, which assignment was duly recorded.

The deposition of each defendant was taken prior to the hearing, under the new rule (Court Rule No. 40 [1931]), and were examined and cross-ex-

amined afterwards at the hearing. These defendants were living together as a family and should be so considered. The circuit court found in its decree:

"The court does find, that the plaintiff herein has not established or proved the matters and things set forth in its bill of complaint, and the court does further find that Verna Clemo is the owner in her own right in fee simple of the land and premises described as: The south half of lots 17 and 18 in William Justice's plat of the village, now city, of Niles, Berrien county, Michigan; referred to in the plaintiff's bill of complaint, subject to a mortgage held thereon by the State Bank of Niles as set forth and claimed by the defendants in their answer filed herein, and the court does further find and determine that the defendant, Verna Clemo, paid good and sufficient consideration for the said premises upon her purchase of the said premises from the said defendant, Carrie Gillette, and that the said Carrie Gillette has no right, title or interest therein which is subject to any claim or demand of the plaintiff, and therefore, on motion of Burns & Hadsell, attorneys for the said defendants, the court does hereby find, order, adjudge and decree, that the plaintiff's bill of complaint be and hereby is dismissed, and all claims of plaintiff in and to said premises by reason of any levy made upon said premises discharged of record, and that the said defendant Verna Clemo holds the said premises free and clear from any claim and/or demand of the plaintiff."

The decree is affirmed, with costs of both courts.

POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. McDONALD, C. J., did not sit.